# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF NORTH CAROLINA
# FAYETTEVILLE DIVISION

IN RE:

FIRST BAPTIST CHURCH            CASE NO. 18-04313-5-DMW
                                                  CHAPTER 11
     DEBTOR

## MOTION FOR PRODUCTION OF DOCUMENTS AND FOR EXAMINATION OF SKYLINE RESTORATION, INC., PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004

**NOW COMES** FIRST BAPTIST CHURCH ("FBC"), by and through undersigned counsel and pursuant to Fed. R. Bankr. P. 2004, and hereby requests entry of an Order directing SKYLINE RESTORATION, INC. ("Skyline" or "Respondent") to produce certain documents, materials and items, outlined herein, to undersigned counsel on or before 5:00 p.m. on January 11, 2019. In support hereof, FBC shows unto the Court as follows:

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. FBC is an unincorporated non-profit church run by a volunteer, unpaid Board of Trustees in Lumberton, Robeson County, North Carolina and filed a voluntary petition seeking relief under chapter 11 of the Bankruptcy Code on August 30, 2018 (the "Petition Date"), BK Case No. 18-0313-5-DMW (the "Bankruptcy Case"). The Debtor currently operates a Debtor-in-Possession.

3. The Debtor listed Skyline as having a disputed debt.

4. Skyline filed Proof of Claim #4 on November 2, 2018 ("POC").

5. The Debtor requires additional information related to the POC.

6. The production of the documents, materials, and items more particularly set forth

in **EXHIBIT A** attached hereto are necessary to comply with the requirements of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Eastern District of North Carolina, and will enable FBC to obtain information necessary to evaluate, examine, and assess certain prepetition events, transactions, and occurrences affecting it.  See In re Recoton Corp., 307 B.R. 751, 755 (Bankr. S.D.N.Y. 2004) ("The purpose of a Rule 2004 examination is to assist a party in interest in determining the nature and extent of the bankruptcy estate, revealing assets, examining transactions and assessing whether wrongdoing has occurred.").  Accordingly and based on the foregoing, FBC respectfully moves this Court for an order directing Respondent to produce the materials, documents, and items set forth on **EXHIBIT A** on or before January 11, 2019.

**WHEREFORE,** and for the reasons stated herein, FBC respectfully requests that this Motion for Production of Documents of Skyline Restoration, Inc., pursuant to Federal Rule of Bankruptcy Procedure 2004 (the "Motion") be **ALLOWED** and Skyline be directed to (i) produce and provide the documents, items, information, and materials set forth above no later than 5:00 P.M. on January 11, 2019, by electronic delivery or, in the alternative, physical delivery at Stubbs & Perdue, P.A., 9208 Falls of Neuse Road, Suite 201, Raleigh, North Carolina 27615; and (ii) for such other and further relief as is just and proper.

Respectfully submitted this, the 17th day of December, 2018.

**STUBBS & PERDUE, P.A.**

BY: \_\_\_\_\_s/William H. Kroll_____
WILLIAM H. KROLL, NCSB No. 39149
wkroll@stubbsperdue.com
9208 Falls of Neuse Road, Suite 201
Raleigh, North Carolina 27615
Telephone: (919) 870-6258
Telefax: (919) 870-6259
*Counsel for Debtor*

# **EXHIBIT A**

## **INSTRUCTIONS**

1. <u>Production of Responsive Documents.</u> In producing documents requested herein, you shall produce documents in full, without abridgment, abbreviation or expurgation of any sort. All documents shall be segregated in accordance with the numbered and lettered paragraphs and subparagraphs herein.

Documents shall be produced without modification or alteration that would frustrate or eliminate existing word search capabilities for the Documents. For example, Microsoft Word or Acrobat Documents that currently have word search capabilities shall not be printed then scanned, thereby preventing Debtor from using the pdf document's native word search capabilities. Emails shall be produced in electronic format as well as saved directly to pdf format.

2. <u>Claims of Privilege</u>. All documents requested herein as to which you withhold production on the basis of a claim of privilege or statutory authority shall be listed in accordance with the procedure described in the instruction above and shall be identified by: (a) author(s); (b) addressee(s); (c) date; (d) type of document; (e) subject matter; (f) number of pages; (g) number of attachments or appendices; (h) indicated or blind copies; (i) all persons to whom shown or explained; (j) present custodian; and (k) factual or legal basis for claimed privilege, or other specific authority—statutory or non-statutory—providing the basis claimed for non-production.

3. <u>Destroyed Documents, Materials, and Items.</u> All documents requested herein which have been destroyed, placed beyond your control, or otherwise disposed of shall be identified by: (a) author(s); (b) addressee(s); (c) date; (d) type of document; (e) subject matter; (f) number of pages; g) number of attachments or appendices; (h) indicated or blind copies; (i) all persons to whom distributed, shown or explained; (j) date of destruction or other disposition; (k) reason for destruction or other disposition; (l) person authorizing destruction or other disposition; (m) person destroying or otherwise disposing of document; and (n) if not destroyed, person in possession of document otherwise disposed of.

4. <u>And, Or</u>. Use of the conjunctive (and), also shall be taken in the disjunctive (or), and vice versa, making each interrogatory and request inclusive rather than exclusive.

5. <u>Any, All</u>. Use of the term "any" also shall mean "all" and vice versa.

6. <u>Each, Every</u>. Use of the term "each" also shall mean "every" and vice versa.

7. <u>Number Neutrality</u>. The use of the singular form of any word includes the plural and vice versa.

8. <u>Gender Neutrality</u>. For each request, the masculine includes the feminine and neuter genders.

9. _Tense Neutrality_. For each request, the past tense includes the present tense where the clear meaning is not distorted by change in tense.

10. _Including, Without Limitation_. The use of the word "including" shall be construed to mean "without limitation."

11. _Description or Identification of Written Communications, Documents or Things_. When a request asks you for a "description" or "identification" of a written communication, document or other thing, or asks you to "identify" or "describe" such written communication, document or thing, the answer must provide the below information with respect to each such written communication, document or thing:

(a) The date appearing on the written communication, document or thing, or, if the written communication, document or thing is undated, the answer must so state, and must give the date(s) or approximate date(s) it was prepared;

(b) The identifying or descriptive code number, file number, title or label of such written communication, document or thing;

(c) The general nature or description of such written communication, document or thing, including any particular express or implied provision;

(d) The name of the entity or person who signed such written communication, document or thing or, if unsigned, the answer must so state;

(e) The name of the entity or person who prepared such written communication, document or thing;

(f) The name of the entity or person who directed the preparation of the written communication, document or thing;

(g) The name of the addressee to whom such written communication, document or thing was directed and the name of each entity or person other than the addressee to whom the written communication, document or thing, or copy of such was given or sent;

(h) The identity of the entity or person having present possession, custody, or control of such written communication, document or thing;

(i) Whether any draft or copy of such written communication, document or thing contains any postscript, notation, change or addendum not appearing on the written communication, document or thing itself, and, if so, the complete description of each such draft or copy; and

(j) A summary of the contents of the written communication, document or thing adequately identifying the matters which it contains, and if the written communication, document or thing is no longer in your possession, custody or control,

what disposition was made of the written communication, document or thing, the reason for such disposition, and the date of the disposition.

Unless the above requires greater specificity, all information given relative to a written communication, document or thing must be in sufficient detail so that an entity or person to whom a subpoena or request to produce is directed can identify fully the written communication, document or thing sought to be produced, and so that Wells Fargo Advisors, LLC, and/or its counsel can determine that such written communication, document or thing, when produced, is the written communication, document or thing so described and identified.

12. <u>Description or Identification of Oral Communication</u>. When a request asks for the "description" or "identification" of an oral communication or asks you to "describe" or "identify" an oral communication, any response must provide the below information with respect to that communication: (a) The identity of the entities or person who participated; (b) The date, time, place and method; (c) The circumstances surrounding the communication, e.g., meeting, conversation; (d) The identity of the speaker(s) and others who heard the communication; (d) The content of the communication; and (e) The identity and description of any document which is in any way related to the communication.

13. <u>Scope of Rule 2004 Examination</u>. Each of the requests made pursuant to Fed. R. Bankr. P. 2004, contained herein extends to any items in your possession, custody or control and includes, without limitations, items that are in the possession, custody, or control of your attorney(s) or other agents.

14. <u>Independence</u>. Each request shall be construed independently and no request shall be viewed as limiting the scope of any the other requests.

15. <u>Supplementation</u>. Each request shall be deemed to be continuing until and during the course of the Bankruptcy Case. These requests cover a specified time period ending on the date of any response or production and, to the extent required by Fed. R. Civ. P. 26(e) and Fed. R. Bankr. P. 2004, are continuing. In the event that any information, documents, materials, or items come to your attention, possession, custody, or control subsequent to the filing of your responses to these requests, which materials or information are responsive to any of the foregoing requests, but which were not included in your initial response or production thereto, please supplement and furnish the additional information and materials as soon as possible but no later than thirty (30) days after the discovery of new information or documentation.

## **DEFINITIONS**[1]

1. "Bankruptcy Case" shall refer to the chapter 11 bankruptcy proceeding commenced by First Baptist Church on August 30, 2018, and assigned Case No. 18-104313-5-DMW.

2. "Debtor" means the Debtor First Baptist Church in this bankruptcy, its successors,

---

[1] The following definitions are incorporated by reference into each of the foregoing requests.

assigns, agents, representatives, consultants, experts, and all other persons acting on their behalf, including their attorney(s).

3. "Correspondence" means all letters, telegrams, notices, messages, text messages, email, or other written communications or memoranda, or other records of conversations, meetings, conferences or other oral communications.

4. "Customer" means any person in North Carolina to whom Respondent provided labor, services, or materials to repair or remediate damage resulting from Hurricane Matthew. Customer does not include Debtor, but shall include First Baptist Housing Development Corporation and First Baptist Housing Development Corporation II.

5. "Documents" is defined as including, but not limited to, the original and any non-identical copy (which is different from the original because of a notation on the copy or otherwise) of all Correspondence, telegrams, teletype messages, text messages, emails, contracts (including drafts, proposals, and any and all exhibits thereto), draft minutes and agendas, memoranda (including inter- and intra-office memoranda, memoranda for file, pencil jottings, diary entries, desk calendar entries, reported recollections, and any other written form of notation of events or intentions), transcripts and recordings of conversations and telephone calls, books of account, ledgers, logs, publications, professional journals, invoices, financial statements, purchase orders, receipts, canceled checks and all other documentary material of any nature whatsoever, together with any attachments thereto or enclosures therewith. The term "Document" shall include data stored, maintained or organized electronically or magnetically through computer equipment, translated, if necessary, by Respondent into reasonably usable form.

6. "Person" means any natural person; public or private corporation, whether organized for profit; governmental entity; partnership; association; cooperative; joint venture; sole proprietorship; or other legal entity. With respect to a business entity, the term "person" includes any natural person acting formally or informally as an employee, officer, agent, attorney, or other representative of the business entity.

7. "Project" means the flood remediation work performed by Respondent or its agents, employees, and contractors that started in October 2016 at Debtor's property in Lumberton, North Carolina.

8. "Respondents" means Skyline Restoration, Inc., its successors, assigns, agents, representatives, consultants, experts, and all other persons acting on its behalf, including its attorney(s).

## DOCUMENTS, MATERIALS, ITEMS, OBJECTS, AND ELECTRONICALLY-STORED INFORMATION REQUESTED

1. All of Respondent's Project Documents.

2. All Respondent's Correspondence, internal notes, takeoffs, estimates, memoranda, emails, reports, diaries, files and any other Documents, however denominated, prepared by any agent or representative of Respondent referring to any estimate of the work to be performed on the Project, Respondent's estimated or actual scope of work on the Project.

3. All Documents that support costs Respondent charged to the Project.

4. All Documents that support Respondent's actual payments for labor, services, or materials for the Project, including Respondent's job cost report and account receivable ledger for the Project, and the source documentation for each cost entry on the report, such as paychecks to labor charged to the Project.

5. All Documents, however denominated, supporting or relating to any communications between Debtor and Respondent in connection with the Project.

6. All Documents that demonstrate Respondent's internal costs for the labor it provided for the Project, including pay checks, 1099s, W-2s, or other tax-reporting documentation Respondent provided to labor working on the Project on behalf of Respondent.

7. All contracts, purchase orders, or other Documents that show Respondent's purchase of labor, services, or materials for the Project.

8. All Documents that reflect what happened to materials removed from the Project by or on behalf of Respondent, including all Documents related to salvage of those materials or amounts paid to Respondent for materials removed any building on the Project.

9. All daily, weekly and/or monthly logs, notes, meeting minutes, diaries and reports reflecting the status and/or the progress of the Project.

10. All photographs, drawings, plans, pictures, computer files, computer discs and video tapes or other still or moving images that show the condition of the Project, Respondent's work, or the progress of Respondent's work.

11. All Documents, however denominated, reflecting how Respondent calculated its lien for the Project, or which support that calculation.

12. Documents sufficient to identify the names, addresses, and all other contact information about the persons who provided labor directly for, or on behalf of, Respondent on the Project. If not in Documents, provide the last known name, address, and telephone number for every person who provided labor, project management services, or supervision that is included in the amounts that Skyline has invoiced for the Project.

13. All Documents that include employment-related information for every person who provided labor directly for, or on behalf of, Respondent on the Project, including background information, training information, policies or manuals given or shown to the person, and other such related information that would commonly be considered part of a "personnel file" for an employee.

14. All Documents, however denominated, supporting or relating to every item of damage asserted and/or allegedly incurred by Respondent regarding this Project or Debtor.

15. All Documents, however denominated, supporting or relating to any communications between Respondent and any other person or entity concerning the Project.

16. All subcontracts or agreements between Respondent and any subcontractor to perform any work in connection with the Project.

17. Documents sufficient to identify every Customer. To the extent not in the Documents, provide the name and address of every Customer to which Skyline contracted to provide labor, services, or materials related to Hurricane Matthew

18. Documents sufficient to identify every Customer that: a) alleged at any time that Respondent charged the Customer an amount that was excessive or more than the Customer expected to be charged; b) alleged at any time that Respondent had mislead or deceived the Customer regarding some aspect of Respondent's work or potential costs of Respondent's work; c) retained legal counsel related to Respondent's work or charges for Respondent's work; or d) alleged Respondent performed its work in a manner that caused excessive costs or expenses.

19. All Correspondence and contracts between Respondent and any other Customer that Respondent was requested to identify, through documents, in Request 18 above.

20. All complaints, answers, arbitration demands or answers to arbitration demands, settlements, releases, liens, lien cancellations, verdicts, judgments, or satisfaction of judgments, regarding work Respondent performed for Customers.

21. All Documents that constitute written policies, procedures or practices, or which comment on such policies or procedures (e.g., internal memoranda), of Respondent that concern marketing or sales of Respondent's services, customer relations, or procedures for executing contract documents.

22. All Documents that Respondent contends demonstrate why Respondent could not accurately estimate the cost of its work, or the time it would take to complete its work, when Respondent provided a list of unit prices to Debtor's representative(s).

23. All internal email, text messages or other electronic communications between Respondent's employees regarding the Project.

24. All Documents that demonstrate the extent of Respondent's search for documents responsive to Debtor's 2004 Examination. Attorney-client correspondence may be redacted to the extent it includes information other than the scope of documents requested by Debtor or to be produced by Respondent.

25. Provide a copy of Illinois Contractors License No. 22-3922267 and all documents related to Respondents obtaining this License.

26. Identify every lien that Skyline filed in North Carolina related to labor, material, or services that were provided in connection with Hurricane Matthew. For each lien, list: (i) the property owner; (ii) the mailing address (including county); (iii) lot/parcel number; (iv) the amount of the lien; and (v) the book and page number where each lien is recorded.

In the alternative, Skyline may produce a copy of each filed lien, as well as any amendments, judgments, cancellations, or notices thereon.

27. Provide the case caption and case number of every lawsuit or arbitration Skyline has filed in North Carolina to collect on invoices it issued for services it allegedly rendered related to Hurricane Matthew.

28. Provide the identification of the internet service provider(s) that hosted email services for Skyline during between August 2016 and April 2017.

29. Provide all known email addresses used in 2016 or 2017 by anyone who provided executive management, project management or field supervision for Skyline related to the Project.

**END OF EXHIBIT A**

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that he is, and at all times hereinafter mentioned was, more than eighteen (18) years of age, that on this date, the foregoing **MOTION FOR PRODUCTION OF DOCUMENTS AND FOR EXAMINATION OF SKYLINE RESTORATION, INC., PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004** was electronically filed utilizing the CM/ECF system, notification of which was remitted to the following CM/ECF participants:

Bankruptcy Administrator

The undersigned further certifies that a true and accurate copy of the foregoing was placed in an envelope, bearing sufficient postage and entrusted to the United States Postal Service for mailing via first-class mail, properly addressed as follows:

| | |
|---|---|
| Skyline Restoration, Inc.<br>Attn: Manager, Agent, Officer<br>2626 Glenwood Avenue, Suite 550<br>Raleigh, NC 27608-1370 | Skyline Restoration, Inc.<br>Attn: Manager, Agent, Officer<br>13821 Harrison Street<br>Blue Island, IL 60406-2800 |
| Joseph Hubert Langerak IV<br>Attorney for Skyline Restoration, Inc.<br>Stoll Keenon Ogden, PLLC<br>One Main Street, Suite 201<br>Evansville, IN 47708 | Jonathan L. Morton<br>Attorney for Skyline Restoration, Inc.<br>Huggins, Davis & Associates, LLP<br>P.O. Box 1571<br>503 N. Elm Street<br>Lumberton, NC 28359 |

Executed this, the 17th day of December, 2018.

                                             s/William H. Kroll
                                         WILLIAM H. KROLL, NCSB No. 39149
                                         wkroll@stubbsperdue.com

                                         STUBBS & PERDUE, P.A.
                                         9208 Falls of Neuse Road, Suite 201
                                         Raleigh, North Carolina 27615